IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARC STOUT, )
)
    Plaintiff, )
)
v. ) Case No. 3:21cv774
)
MARK HERRING, ) DECLARATORY RELIEF
Attorney General for Commonwealth of Virginia, ) INJUNCTIVE RELIEF
)
    Defendant. )
_____)

## COMPLAINT

The Plaintiff hereby brings this complaint asserting federal law preemption of state law, and states as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction and venue pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and §2202, 28 U.S.C. §1651, and 28 U.S.C. §1391.

### PARTIES

2. Marc Stout is an individual. Marc Stout is subject to the enforcement of the state laws in question.

3. Marc Stout resides in Fredericksburg, VA.

4. Mark Herring is the Attorney General for the Commonwealth of Virginia. Mark Herring enforces the laws, including the state laws in question, of the state of Virginia.

5. Mark Herring resides in Richmond, VA.

### FACTS



1

6. The United States Constitution's Supremacy Clause states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

7. Pursuant to Clause 2 of Article VI of the United States Constitution, 49 U.S. Code §40103 was signed into law in 1994. A copy of 49 U.S. Code § 40103 is attached as "Exhibit A." A copy of the statutory "Definitions" are attached as "Exhibit B."

8. 49 U.S. Code §40103(a)(1) states: "The United States Government has exclusive sovereignty of airspace of the United States." 49 U.S. Code §40103(a)(2) states: "A citizen of the United States has a public right of transit through the navigable airspace."

9. On July 20, 2018, the Federal Aviation Administration issued a guiding statement regarding 49 U.S. Code § 40103. A copy of the FAA's guiding statement is attached as "Exhibit C."

10. "'Navigable airspace' means airspace above the minimum altitudes of flight prescribed by regulations under this subpart and subpart III of this part, including airspace needed to ensure safety in the takeoff and landing of aircraft." 49 U.S. Code § 40102(a)(32).

11. The FAA's guiding statement states: "Congress has provided the FAA with exclusive authority to regulate aviation safety, the efficiency of the navigable airspace, and air traffic control, among other things. *State and local governments* are not permitted to regulate *any type of aircraft operations*, such as flight paths or altitudes, or the navigable

airspace." (emphasis added). *"Any type of aircraft operations"* are to include aircraft operations in violation of federal aviation law.[1]

12. "'Aircraft' means any contrivance invented, used, or designed to navigate, or fly in, the air," including drones. 49 U.S. Code § 40102(a)(6).

13. On September 9, 2021, the Plaintiff was arrested by Fairfax County police officers for operating the Plaintiff's drone in violation of Virginia Code §18.2-121.3(A)(ii) and §18.2-324.2(A).[2] A copy of Virginia Code §18.2-121.3(A)(ii) is attached as "Exhibit D." A copy of Virginia Code §18.2-324.2(A) is attached as "Exhibit E."

14. On August 18, 2021, the FAA mailed the Plaintiff a letter notifying the Plaintiff that the FAA had opened an official investigation into the incident, and providing the Plaintiff with an opportunity to participate in the FAA's investigation.

15. The Plaintiff positively responded to the FAA's correspondence.

16. On September 21, 2021, the FAA mailed the Plaintiff a stiff warning notice finding the Plaintiff in violation of three federal aviation laws. The FAA declined to criminally prosecute the Plaintiff.

---

[1] 49 U.S. Code § 40102(35)(B) states: "'operate aircraft' and 'operation of aircraft' mean using aircraft for the purposes of air navigation, including— causing or authorizing the operation of aircraft *with or without the right of legal control of the aircraft*." (emphasis added). So, whether or not the Plaintiff was "with or without the right of legal control of the aircraft" pursuant to either federal *or state* law, the FAA exclusively regulates the aircraft operation.

[2] Detective Young and another officer later placed the Plaintiff in a small, cold, windowless interrogation room and over-confidently engaged the Plaintiff in dialogue. Detective Young presented the Plaintiff with a copy of Virginia Code §18.2-121.3 and asked the Plaintiff if the Plaintiff was familiar with the statute. The Plaintiff responded to Detective Young that the Plaintiff was familiar with the statute. The Plaintiff stated to Detective Young that the Plaintiff believed that the arresting officers did not have the jurisdiction, reasonable suspicion or probable cause to place the Plaintiff in custody. Detective Young responded, "I also let her pick a drone charge to charge you with, too." The other officer presented the Plaintiff with a copy of Virginia Code §18.2-324.2. The Plaintiff stated to Detective Young and to the other officer, "I'm not familiar with this statute, but after reading it, are you sure you know what you're charging me with? This is a very serious and sensitive accusation and I know for a *fact* that I don't meet the elements of *this* statute." Detective Young and the other officer smirked and laughed before Detective Young responded, "Oh, we know what we're charging you with."

17. On January 15, 2022, the Plaintiff is scheduled to take the FAA's "Unmanned Aircraft General - Small" exam to become an FAA-certified sUAS remote pilot.

18. The Commonwealth's Attorney for Fairfax County continues to maintain a criminal prosecution against the Plaintiff for operating the Plaintiff's drone in violation of the state laws in question. On January 24, 2022, the Plaintiff is scheduled for trial on both counts.

19. The Commonwealth's Attorney has stated in open court that the Commonwealth's Attorney is seeking a stiff jail sentence in the Plaintiff's cases. The Plaintiff intended to somewhat retire his activism on these last two Fairfax cases to await the outcomes of the Stouts' civil-rights litigation pending in this court and in the Alexandria Division.

20. Congress has the exclusive subject-matter jurisdiction to prescribe penalties for violations of federal aviation laws.

21. The FAA has exclusive subject-matter jurisdiction to investigate and enforce violations of federal aviation laws and to determine which violations are worth investigating and which are not.

22. Federal prosecutors have exclusive subject-matter jurisdiction to prosecute violations of federal aviation laws and to determine which violations are worth prosecuting and which are not.

23. Federal courts have exclusive subject-matter jurisdiction to impose sentences for violations of federal aviation laws and to hear cases involving those violations.

24. Virginia Code §18.2-121.3 and §18.2-324.2 are preempted by 49 U.S. Code §40103 and the language in the FAA's guiding statement.

**PRAYER FOR RELIEF**

25. The Plaintiff prays that the court, before January 24, 2021, declare that Virginia Code §18.2-121.3 and §18.2-324.2 are preempted by 49 U.S. Code §40103 and the language in the FAA's guiding statement.

26. The Plaintiff prays that the court, before January 24, 2021, enjoin the Defendant from enforcing Virginia Code §18.2-121.3 and §18.2-324.2.

27. The Plaintiff prays that the court award the Plaintiff the costs of litigation.

28. The Plaintiff prays that the court award all equitable relief.

SUBMITTED,

_____          12/10/21
Marc Stout, *Pro Se*                     Date
*Plaintiff*
30 Willow Branch Place
Fredericksburg, VA 22405
(540) 370-6980
formulafocused@gmail.com